**VILLAIN & FASSIO E COMPAGNIA, INTERNATIONALE DI GENOVA SOCIETA, RIUNITE DI NAVIGAZIONE, S.P.A., as owner of the MOTOR VESSEL ANGELA FASSIO, Libellant-Appellee,**

v.

**TANK STEAMER E. W. SINCLAIR, Sinclair Refining Company, Claimant-Respondent-Appellant.**

No. 218, Docket 27850.

United States Court of Appeals Second Circuit.

Argued Jan. 22, 1963.

Decided Feb. 20, 1963.

As Amended on Denial of Rehearing March 18, 1963.

Stanley R. Wright, New York City, (E. Lisk Wyckoff, Jr., & Burlingham, Underwood, Barron, Wright & White, New York City, on the brief), for appellant.

Albert D. Jordan, New York City (Ehrich, Stock, Valicenti, Leighton & Holland, Haight, Gardner, Poor & Havens, and Robert J. Nicol, New York City, on the brief), for appellee.

Before FRIENDLY, SMITH and MARSHALL, Circuit Judges.

PER CURIAM.

This is an appeal from a decree in a consolidated cause in the admiralty awarding damages and costs to the owner of the Motor Vessel Angela Fassio against the Tank Steamer E. W. Sinclair as solely responsible for a collision of the two vessels, and dismissing Sinclair's libel against the Fassio, in the District Court for the Southern District of New York, David N. Edelstein, District Judge. We find no error and affirm the judgment.

On December 3, 1959 the tanker E. W. Sinclair, a 520 foot vessel of 10,907 gross tons, fully loaded with 16,000 tons of fuel oil, was proceeding up the Delaware River about four miles astern of the motor vessel Angela Fassio, 492 feet long, of 7,016 gross tons. Encountering thick fog about 9:00 a. m. near Buoy 42, the Fassio turned to starboard, and anchored about 250 meters east of the channel. She sounded the bell signals called for in the Inland Rules, 33 U.S.C. § 191(d), applicable in this location. The Sinclair had been traveling at a sea speed of 13.3 knots which she reduced to about 10 knots before entering the fog in which visibility was no more than 100 meters. Assisted by a tidal current of 1½ knots she was proceeding in the fog at a speed over the ground of 11½ knots. Her radar was inoperable. Fassio's radar was working and picked up the Sinclair at a range of some three miles. Sinclair was observed on the screen to be approaching along the easterly edge of the channel at about 12 knots speed. When she was about one mile away the Fassio sounded the international "R" signal on her whistle (one short, one long, one short). At .5 mile she repeated the signal. On passing Buoy 42 and hearing the three whistle signal, the Sinclair made a 20° right turn out of the channel and collided with the Fassio, tearing her plates and frames from the forward end of her No. 1 hold to the after part of her No. 3 hold, approximately 180 feet.

■■ The Sinclair was plainly guilty of faulty navigation in proceeding into heavy fog, with visibility of barely more than half her length, with her radar out of order, in and near a heavily traveled

channel, at so high a speed. She contends, however, that the Fassio gave a three short blast signal, signifying a vessel backing, and so confused the Sinclair as to cause the collision. The factual issue as to the nature of the signal given was resolved against the Sinclair's contention on conflicting testimony and the determination is not clearly erroneous. We find no error here. McAllister v. United States, 348 U.S. 19, 75 S.Ct. 6, 99 L.Ed. 20 (1954).

■ Appellant contends, however, that even if the signal given was the international "R", the Fassio was at fault in giving it, since it is not found in the Inland Rules, and was likely to confuse another vessel. This contention appears to us not well founded. Article 29 of the Inland Rules, 33 U.S.C. § 221, provides in part "Nothing in these rules shall exonerate any vessel * * * from the consequences of * * * the neglect of any precaution which may be required by the ordinary practice of seamen, or by the special circumstances of the case." Under the circumstances here we cannot agree that the sounding of the signal by the master of the Fassio was a fault. A ship was bearing down on him in thick fog at high speed. His required bell signal, which he was sounding, was of limited range. He could not know whether the approaching vessel was using radar. Some supplemental notice of his own presence was a natural response to the situation with which he was faced. The danger signal might have indicated that he was himself under way, although its use in such circumstances could be sustained. Victorias Milling Co. v. The S.S. Gulfport, 166 F.Supp. 396 (S.D.N.Y. 1958), aff'd mem. 262 F.2d 349 (2d Cir., 1958). In any case, the "R", although not called for in the Inland Rules, had an appropriate meaning (vessel anchored in the fog) known to all mariners familiar with the International Rules. We hold that its omission from the Inland Rules does not prohibit its use to supplement the fog bell and find no fault in its use by the Fassio here. The decree of the District Court is affirmed.